UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES M. CALI,

                  Plaintiff,

   v.                                                 **DECISION AND ORDER**
                                                               06-CV-701S

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

1.     Pro Se Plaintiff James M. Cali challenges an Administrative Law Judge's ("ALJ") decision, dated April 28, 2006, wherein the ALJ determined that he is not disabled within the meaning of the Social Security Act. On May 8, 2007, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 9.) This Court directed Plaintiff to respond to Defendant's motion by June 15, 2007. (Docket No. 11.) Plaintiff failed to respond.

2.     On July 5, 2007, this Court *sua sponte* extended Plaintiff's deadline to respond to Defendant's motion to July 15, 2007. (Docket No. 13.) Again, Plaintiff failed to respond. On July 30, 2007, Defendant filed a "Notice of No Reply," wherein he indicated that no reply would be filed because "[a]fter checking with the plaintiff, he indicates that he has not prepared any response and intends to stick with his Complaint." (Docket No. 14.) This Court thereafter issued an Order advising Plaintiff that he could not rely on his Complaint because it does not identify any error in Defendant's final decision, and does not address Defendant's arguments. (Docket No. 15.) This Court directed Plaintiff to file a response by September 21, 2007, and warned him that if he failed to do so, his case could be dismissed for failure to prosecute, or Defendant's motion could be granted as unopposed. (Docket No. 15.) Plaintiff did not file a response as directed.

3.	A court reviewing a denial of disability benefits may not determine <u>de</u> <u>novo</u> whether an individual is disabled.  <u>See</u> 42 U.S.C. § § 405(g), 1383(c)(3); <u>Wagner v. Secretary of Health and Human Servs.</u>, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error.  <u>See</u> <u>Grey v. Heckler</u>, 721 F.2d 41, 46 (2d Cir. 1983); <u>Marcus v. Califano</u>, 615 F.2d 23, 27 (2d Cir. 1979).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  <u>See</u> <u>Rutherford v. Schweiker</u>, 685 F.2d 60, 62 (2d Cir. 1982), <u>cert.</u> <u>denied</u>, 459 U.S. 1212 (1983).  Substantial evidence is evidence that amounts to "more than a mere scintilla."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Id.</u>

4.	Plaintiff's Complaint in this action is a 2-page form Social Security Complaint, which does not identify any error in the ALJ's decision beyond the template allegation that the decision is legally erroneous or not supported by substantial evidence in the record. (Docket No. 1.) Plaintiff has filed no other documents and has not challenged Defendant's Motion for Judgment on the Pleadings.  Defendant's motion is therefore granted as unopposed.

5.	Moreover, despite Plaintiff's failure to properly prosecute this case, this Court has examined the ALJ's decision and the administrative record as a whole, and finds that substantial evidence supports the ALJ's decision.  The ALJ's decision reflects a thorough examination of the medical evidence of record.  The ALJ specifically considered and discussed the medical evidence and opinions of Patrick Ignatius, M.D., Norman Fiorica, M.D. (Plaintiff's treating physician), Robert Neufeld, M.D., and David S. Garson, M.D.

(Docket No. 1, pp. 10-11.[1])  The ALJ considered this evidence, along with the other evidence in the record, to conclude that Plaintiff is not disabled within the meaning of the Act.  (Docket No. 1, p. 15.)

6.   Accordingly, for the foregoing reasons, this Court finds that the ALJ's decision is supported by substantial evidence and is free from legal error.  See Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982) (per curiam) (an ALJ's decision should be upheld so long as the court can fathom the ALJ's rationale in relation to the evidence in the record).  Defendant's Motion for Judgment on the Pleadings is therefore also granted on the merits.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.


Dated:   October 11, 2007
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              United States District Judge

---

[1] The ALJ's decision is attached to Plaintiff's Complaint at pages 9-15.  (Docket No. 1.)  It is also available in the Administrative Record, which was manually filed with Defendant's Answer on January 17, 2007.  (Docket No. 6.)